IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

LORENZO NICHOLS,

    Plaintiff,

vs.

JERI SMOCK, *et al.*,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 1:19-CV-00164

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Now come Defendants, Daniel Stroup, P.A. and Anthony Letizio, D.O. ("Answering Defendants"), and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint state and aver as follows:

### Preliminary Statement

Plaintiff's Amended Complaint consists of a form to be used by prisoners in filing a civil rights complaint. Answering Defendants have formatted their Answer to mirror that of the form Complaint. To the extent that it is perceived that Answering Defendants failed to specifically respond to any allegations in Plaintiff's Amended Complaint, the same are denied and, if relevant, strict proof thereof is demanded at trial.

    I.    Admitted, upon information and belief.

II.     The allegations in the corresponding section of Plaintiff's Amended Complaint relate to previous lawsuits and prior disciplinary proceedings dealing with the facts involved in the instant action.  Evidence of prior lawsuits filed by Plaintiff is best ascertained from the applicable state and federal dockets.  Similarly, evidence of disciplinary proceedings is best ascertained from records from the Pennsylvania Department of Corrections.  By way of further response, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding section of Plaintiff's Amended Complaint, and therefore, deny the same.

III.    The allegations contained in the corresponding section of Plaintiff's Amended Complaint are merely statements related to the cause(s) of action pled by Plaintiff, to which an answer is not expected or required.  To the extent an answer or response is expected or required, Answering Defendants deny the allegations of the corresponding section of Plaintiff's Amended Complaint.

IV.    Answering Defendants deny the allegations in the corresponding section of Plaintiff's Amended Complaint, as stated.  Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses and treatment and speak for themselves.  By way of further response, allegations in the corresponding section of Plaintiff's Amended Complaint refer to written documents which speak for themselves.  Any attempt to misphrase, paraphrase, or

misstate the same is denied and, if relevant, strict proof thereof is demanded at trial. Answering Defendants otherwise deny the remaining allegations of the corresponding section of Plaintiff's Amended Complaint.

    V.    The allegations in the corresponding section of Plaintiff's Amended Complaint are denied, as stated. It is admitted only that, at all times relevant hereto, Plaintiff was an inmate at SCI Albion and Answering Defendants were medical professionals who provided medical care to inmates confined within SCI Albion, including Plaintiff. Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses and treatment and speak for themselves. By way of further response, allegations in the corresponding section of Plaintiff's Amended Complaint refer to written documents which speak for themselves. Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial. Answering Defendants otherwise deny the remaining allegations of the corresponding section of Plaintiff's Amended Complaint.

    VI.    The allegations in the corresponding section of Plaintiff's Amended Complaint are legal conclusions and/or requests for relief to which answers are not required. To the extent an answer is expected or required, Answering Defendants deny same.

WHEREFORE, Defendants, Daniel Stroup, P.A. and Anthony Letizio, D.O., request that judgment be entered in their favor and against Plaintiff, Lorenzo Nichols, dismissing any and all claims against them.

## *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims may be barred by the applicable statute of limitations, they must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to fully and properly exhaust available administrative remedies, as to any or all of the Defendants, and/or as to any or all matters complained about in the Amended Complaint, Plaintiff's claims against Defendants are barred by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants plead as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury and the limitation on attorneys' fees.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants deprive Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C.A. § 1983 or any other state or federally protected right or privilege.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants fail to provide necessary medical care or otherwise refuse to treat or intentionally mistreat Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

At all times Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities or events, over which Answering Defendants had no control or duty to control.

### TENTH AFFIRMATIVE DEFENSE

The treatment afforded to Plaintiff was, at all material times, in accordance with the applicable standards of professional medical care.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. §1983.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants raise the defense of qualified immunity to the extent it may be deemed to apply.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery, if any, is barred or limited to the extent he failed to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to amend their Answer and Affirmative Defenses and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP


BY:   /s/ Meghan K. Adkins
Meghan K. Adkins, Esquire
madkins@wglaw.com
PA ID No. 320908

/s/ Devon A. Malloy
Devon A. Malloy, Esquire
dmalloy@wglaw.com
PA ID No. 317771

WEBER GALLAGHER
Four PPG Place • 5th Floor
Pittsburgh, PA 15222
T: (412) 281-4541
F: (412) 481-4547

## CERTIFICATE OF SERVICE

I, Meghan K. Adkins, Esquire, hereby certify that on this date a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** was served upon all counsel of record via CM/ECF and was sent by first class United States mail, postage prepaid, to the following:

Lorenzo Nichols, EP7457
Smart Communications/ PA-DOC
SCI-Albion
PO Box 33028
St Petersburg, FL 33733

                                        /S/ Meghan K. Adkins
                                    Meghan K. Adkins, Esquire

Dated: January 7, 2020