**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LORENZO NICHOLS, | } | |
| | } | No. 1:19-cv-00164-RAL |
| Plaintiff, | } | |
| | } | Magistrate Judge Lanzillo |
| vs. | } | |
| | } | |
| JERI SMOCK, Correctional Health Care Administrator; PA STROUP and DR. LETIZIO, | } | |
| | } | ***Electronically Filed.*** |
| Defendants. | } | |

**BRIEF IN SUPPORT OF CORRECTIONS DEFENDANT SMOCK'S**
**MOTION TO DISMISS AMENDED COMPLAINT**

## I. STATEMENT OF THE CASE

Plaintiff, Lorenzo Nichols ("Plaintiff"), EP-7457, is currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff initiated this prisoner civil rights action in this Court on or about June 10, 2019, by filing a Motion for Leave to Proceed *in forma pauperis* with an attached *pro se* Complaint. See (Doc. # 1). After being resubmitted, see (Doc. # 4), Plaintiff's Motion for Leave to Proceed *in forma pauperis* was eventually granted on July 8, 2019, see (Doc. # 5), and the Complaint (Doc. # 6) was docketed that same day.

This action is brought pursuant to 42 U.S.C. § 1983 against the Corrections Health Care Administrator assigned to SCI-Albion and two medical providers.[1] In the Complaint, Plaintiff asserts claims under the Eighth Amendment with respect to events which occurred at SCI-Albion, particularly related to the care and treatment of Plaintiff's diabetes and an alleged incidence of Diabetic Ketoacidosis in May of 2018. See Complaint (Doc. # 6), at § IV.

[1] Undersigned counsel only represents Corrections Defendant Smock. The Medical Defendants have retained their own counsel. See (Docs. # 10, 11, 42).

Corrections Defendant Smock moved to dismiss all claims from the Complaint against her, for failure to state a claim upon which relief can be granted. See (Docs. # 24-25). Rather than respond to the motion, Plaintiff sought and was granted leave to file and amended complaint. See (Docs. # 37-38). Accordingly, Corrections Defendant Smock's prior motion was dismissed –without prejudice– as moot, see (Doc. # 39), and Plaintiff's Amended Complaint (Doc. # 41) was docketed on December 17, 2019, see (Doc. # 40).

Corrections Defendant Smock now moves to dismiss all claims from the Amended Complaint against her, for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

This Court has recently set forth the appropriate standard for reviewing a motion to dismiss in the following terms:

> A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining upon whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). 'Factual allegations must be enough to raise a right to relief above the speculative level' and 'sufficient to state a claim for relief that is plausible on its face.' Id. 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(*citing* Twombly, 550 U.S. at 556, 127 S.Ct. 1955).
>
> Our Court of Appeals has instructed that 'a court reviewing the sufficiency of a complaint must take three steps,' Connelly v. Lane Construction Corp., 809 F.3d 780, 786-87 (3d Cir. 2016), explaining:

> > First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011)("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.
>
> Connelly, 809 F.3d at 786-87. 'Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' Iqbal, 556 U.S. at 679, 129 S.Ct. 1937. A plaintiff must set forth 'sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence' of the elements of the claim for relief. Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017). See also Connelly, 809 F.3d at 789.

Caristo v. Blairsville-Saltsburg Sch. Dist., 370 F.Supp.3d 554, 560-561 (W.D.Pa. 2019). See also Benson v. Wetzel, 2019 WL 2393799, *2 (W.D.Pa. 2019); Carson v. Wetzel, 2019 WL 972102, *2-*3 (W.D.Pa. 2019).

## III. ARGUMENT

### A. Plaintiff has failed to state a claim against Corrections Defendant Smock because she was not personally involved in the any of the conduct underlying Plaintiff's present claims; moreover, she is a non-medical prison administrator, and Plaintiff had access to the medical staff at SCI-Albion.

Plaintiff has named Corrections Defendant Smock as a Defendant in this action. See Amended Complaint (Doc. # 41), at Caption, §§ IV.C. While Plaintiff has elaborated on his claims against Corrections Defendant Smock in his complaint as amended, the essence of his claim against her is now rooted in her role as the Grievance Officer who responded to the Inmate

Grievance he submitted relative to his concerns and complaints with his medical care and treatment at SCI-Albion in May of 2018. This is not sufficient to state a claim against her.

In a similar context, the Third Circuit observed the following:

> To state an Eighth Amendment claim based on inadequate medical treatment, Brooks must allege that Appellees were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Brooks can demonstrate 'deliberate indifference' by showing that Appellees were 'aware of facts from which the inference can be drawn that a substantial risk of serious harm exists and [that they] also [drew] the inference.' See Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, because this is an action under § 1983, Brooks cannot rely solely on *respondeat superior* as a theory of liability; rather, he must show personal involvement by Appellees by alleging personal direction, actual knowledge, or acquiescence. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Our review of the complaint reveals no facts alleging personal involvement on the part of Appellees, who are prison officials and administrators. *Although the complaint alleges that Appellees responded inappropriately to Brooks's later-filed grievances about his medical treatment, these allegations do not establish Appellees' involvement in the treatment itself.* As a result, this claim lacks an arguable basis in law and was properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Brooks v. Beard, 167 F.App'x 923, 925 (3d Cir. 2006). See Ali v. Dupont, 2019 WL 2647463, *9 (W.D.Pa. 2019); Hildalgo v. Pennsylvania Department of Corrections, 2017 WL 85448, *6 (W.D.Pa. 2017).

This Court has very recently confirmed this approach in granting a motion to dismiss in Preacher v. Overmyer, 2020 WL 43420 (W.D.Pa. 2020), saying

> [t]he record shows that these Defendants' sole relation to this claim stems from their participation in the grievance review process; as such, Preacher has failed to demonstrate their personal involvement. See Mincy[ v. Chmielsewski], 508 F.App'x [99] at 104 (3d Cir. 2013)("[A]n officer's review of, or failure to

> investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); see also Rogers v. United States, 696 F.Supp.2d 472, 488 (W.D.Pa. 2010)("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.").

Preacher v. Overmyer, 2020 WL 43420, at *7. See also Newsome v. Wetzel, 2020 WL 43108, *6 (W.D.Pa. 2020)("participation in an after-the-fact review of a grievance or appeal is insufficient to establish personal involvement on the part of those individuals reviewing grievances")(*citing*, *inter alia*, Brooks v. Beard, *supra*).

Instantly, Plaintiff's allegations against Corrections Defendant Smock are limited to claims that she "responded inappropriately to [Plaintiff's] later-filed grievances about his medical treatment." See Brooks v. Beard, *supra*. Indeed, Plaintiff's Amended Complaint simply states that

> After returning to SCI-Albion, on May 25, 2018, Plaintiff filed a grievance in accordance with Department of Corrections' ("D.O.C.") policy DC-ADM 804, Inmate Grievance System Procedures Manual. See Attachment A. Defendant Jeri Smock, Corrections Health Care Administrator ("CHCA"), was appointed as the grievance officer to investigate the grievance that was filed by Plaintiff. See Attachment B, Initial Review Response. Defendant Smock intentionally misconstrued all of the facts involved in an attempt to make the Plaintiff look like a liar, as well as to place blame on the Plaintiff. See Id. This was expected, as it is a well known practice and pattern of the CHCA as well as the Medical Department at SCI-Albion to not only perpetrate constitutional violations, but also to cover it up and deflect blame. See Attachment I, at pg. 2.

Amended Complaint (Doc. # 41), at 4 (§§ IV.C. (Persons Involve- Continued)).

Thus, where the only allegation against Corrections Defendant Smock is that she responded to a grievance after the fact, this is a not sufficient basis upon which to establish her personal involvement in the underlying constitutional violation alleged. Corrections Defendant Smock should be dismissed from this case for lack of personal involvement.

Further, to the extent Plaintiff intends to assert a claim against Corrections Defendant Smock of deliberate indifference to a serious medical condition under the Eighth Amendment, such a claim cannot proceed. To reiterate from Corrections Defendant Smock's prior motion, although she holds the position of Corrections Health Care Administrator at SCI-Albion, Corrections Defendant Smock is not a medical provider. See Horsh v. Clark, 2019 WL 1243009, *6 (W.D.Pa. 2019)("As the Chief Healthcare Administrator for SCI-Albion, Smock was not in a position to render medical care to Plaintiff…"). Consequently, Plaintiff cannot succeed on any Eighth Amendment claim against this defendant. Id. As this Court has explained:

> The Eighth Amendment to the United States Constitution prohibits the infliction of 'cruel and unusual punishments,' U.S. Const. amend XIII, and requires that prisoners receive access to basic medical treatment. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail on a medical needs claim under the Eighth Amendment, the prisoner bears the burden of establishing 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' Estelle v. Gamble, 429 U.S. 92, 106 (1976). Our Court of Appeals recently reiterated:
>
>> As our precedent makes clear, "a non-medical prison official" cannot "be charge[d] with the Eighth Amendment scienter requirement of deliberate indifference" when the "prisoner is under the care of medical experts" and the official does not have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." Spruill[ v. Gillis], 372 F.3d [218,] at 236 [(3d Cir. 2004)]; see also [Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)](holding that non-physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor").
>
> Pearson v. Prison Health Serv., 850 F.3d 526, 543 (3d Cir. 2017).

Whitehead v. Thomas, 2017 WL 2664490, *6-*7, *report and recommendation adopted*, 2017 WL 2672646 (W.D.Pa. 2017), *aff'd sub nom.* Whitehead v. Wetzel, 720 F.App'x 657 (3d Cir. 2017). Cf. Williams v. Pennsylvania Department of Corrections at SCI Camp Hill, 2013 WL

3209283, *4 (M.D.Pa. 2013)(*citing* Thomas v. Dragovich, 142 F.App'x 33, 39 (3d Cir. 2005))(dismissing claims of deliberate indifference against Secretary of Corrections, Superintendent and CHCA because they "are 'undisputably administrators, [and] not doctors'").

Plaintiff has alleged in his Amended Complaint that he had access to medical providers at SCI-Albion but they ignored his symptoms. See Amended Complaint (Doc. # 41), at §§ IV.C. There are no allegations claiming that Corrections Defendant Smock interfered with Plaintiff's ability to see the medical staff at SCI-Albion or otherwise prevented him from doing so. Nor are there any allegations that Corrections Defendant Smock interfered with or otherwise prevented Plaintiff's medical treatment. See Horsh v. Clark, 2019 WL 1243009, *6. Accordingly, any claims against Corrections Defendant Smock alleging deliberate indifference with respect to Plaintiff's ability to see the medical staff at SCI-Albion should be dismissed.

## IV. CONCLUSION

WHEREFORE, Corrections Defendant Smock respectfully requests that the instant motion be granted and that all claims against Corrections Defendant Smock be dismissed and that she be terminated from the docket.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

s/ Scott A. Bradley

Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Karen M. Romano
Acting Chief Deputy Attorney General

Office of Attorney General
Litigation Section
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Phone: (412) 565-3586
Fax: (412) 565-3019

Date: January 8, 2020